UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY WALKER,
    Petitioner,

v.

WARDEN, WARREN,
CORRECTIONAL INSTITUTION
    Respondent.

Case No. 1:20-cv-303

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Warren Correctional Institution (WCI),[1] has filed a petition and amended petition for a writ of habeas corpus (Doc. 1, 4) and a motion and amended motion for a temporary restraining order in this Court. (Doc. 2, 5). Respondent opposes the motion for a temporary restraining order (Doc. 9) and has filed a motion to transfer the petitioner to the Sixth Circuit Court of Appeals as a second or successive petition, pursuant to 28 U.S.C. § 1631 (Doc. 10). For the reasons stated below, the motion to transfer the petition to the Sixth Circuit should be denied, the petition should be dismissed without prejudice, and the motion and amended motion for a temporary restraining order denied.

Petitioner, proceeding under 28 U.S.C. § 2241, seeks immediate release from custody due to the COVID-19 pandemic. According to petitioner, he suffers from heart conditions which render him vulnerable to serious injury or death if exposed to the virus. (Doc. 4 at PageID 73-74, 90). Because of his pre-existing medical conditions and the nature of the prison environment, petitioner asserts that he cannot be adequately protected from contracting COVID-19 and must be released. (*Id.* at PageID 73-74). Petitioner claims that his continued incarceration violates his due process and Eighth Amendment rights. (*Id.* at PageID 91-95).

---

[1] The Ohio Department of Rehabilitation & Correction Offender Details webpage indicates that petitioner is in state custody based on his Ashland, Cuyahoga, and Richland County, Ohio convictions and sentences. (Viewed at https://appgateway.drc.ohio.gov/OffenderSearch).

Respondent has filed a motion to transfer the petition to the Sixth Circuit. (Doc. 10). Respondent argues that because petitioner filed a prior petition in *Walker v. Jackson*, No. 1:08-cv-806 (N.D. Ohio Apr. 10, 2018), the instant petition is second or successive under 28 U.S.C. § 2244(b). In addressing the temporary restraining order motion, respondent further contends that because petitioner is in custody as a result of a state-court conviction, § 2241 is unavailable to him and he must proceed under 28 U.S.C. § 2254, which requires him to exhaust his constitutional claims in the state courts before seeking federal habeas corpus relief. (*See id.* at PageID 172). According to respondent, petitioner has failed to do so. Finally, respondent argues that the petition—which respondent contends is a challenge to the conditions of petitioner's confinement—must be brought under 42 U.S.C. § 1983 and is not cognizable in federal habeas corpus.

**I.      The motion to transfer should be denied.**

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to

consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). "[T]he Supreme Court has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent that it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (citing *Panetti v. Quarterman*, 551 U.S. 930 (2007) and *Stewart v. Marinez-Villareal*, 523 U.S. 637 (1986)).[2] The petitioner in *Jones* raised an ex post facto claim concerning amendments to Michigan's parole system which took effect after the adjudication of petitioner's first habeas corpus petition. The Sixth Circuit determined that the ex post facto claim—like the competency-to-be-executed claims addressed in *Panetti and Marinez-Villareal—*was not second or successive because the claim was unripe when his initial petition was filed or, in other words, the events giving rise to the claim had not yet occurred. *See Jones* 652 F.3d at 605. For the same reasons,

---

[2] In *Panetti*, the Supreme Court held that an incompetency-to-be-executed claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), raised in a second-in-time federal habeas corpus petition was not successive under § 2244(b). The *Panetti* Court noted that *Ford*-based incompetency claims are generally not ripe until after the time has run to file a first federal habeas petition—that is, not until the time of the petitioner's scheduled execution. *Id.* at 943. Courts have been careful to distinguish petitions containing unripe claims from those claims that are discovered after filing an initial petition. *See Florez-Ramirez v. Foster*, 811 F.3d 861 (7th Cir. 2016) ("when discerning whether a second-in-time petition is successive, courts must be careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as 'second or successive'"); *Gage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015) (noting that the court has distinguished "between petitions containing claims, the factual predicate of which came into being after the first habeas petition—such as the mental incompetency claim in *Panetti*—and those containing claims that were ripe at the conclusion of a first habeas proceeding but were not discovered until afterward") (internal quotation marks and citations omitted).

the instant petition—challenging the constitutionality of petitioner's custody in light of the current COVID-19 pandemic—is not second or successive and respondent's motion to transfer the petition to the Sixth Circuit (Doc. 10) should be **DENIED**.

## II. The petition should be dismissed for lack of exhaustion.

As noted above, petitioner seeks relief in the form of release from custody, arguing that he cannot be adequately protected from contracting COVID-19. Although district courts addressing habeas petitions raising conditions of confinement claims have split on whether these claims are properly raised in a § 1983 action, *see Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (collecting cases),[3] the Sixth Circuit has recently held that "our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (noting that release from confinement is the heart of habeas corpus) (internal quotation marks and citation omitted). *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *1 (6th Cir. July 9, 2020) (permitting pretrial detainees and state prisoners to proceed under § 2241). Accordingly, in light of the Sixth Circuit's recent decisions as well as the decisions of other federal courts in similar

---

[3] One district court touched on the challenge in characterizing these types of cases as follows: "Petitioner's claims regarding the constitutionality of his custody in the jail because of his particular susceptibility to respiratory disease are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983. But, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983." *Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2–3 (W.D. Mich. Apr. 22, 2020).

cases,[4] the undersigned is persuaded that petitioner may bring his claims in a petition for a writ of habeas corpus.

Petitioner has filed this action pursuant to 28 U.S.C. § 2241. As noted above, respondent contends that petitioner cannot proceed as a state prisoner under § 2241 and must proceed under 28 U.S.C. § 2254.[5] In any event, whether under § 2241 or § 2254, a state prisoner is required to exhaust his available state court remedies prior to filing a federal habeas corpus petition. *Collins. v. Million*, 121 F. App'x 628, 630–31 (6th Cir. 2005). *See also In re Marsh*, 209 F. App'x 481, 482 (6th Cir. 2006) ("a state prisoner's § 2241 habeas petition must comply with the gatekeeping restrictions included in the Anti-Terrorism and Effective Death Penalty Act of 1996").

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first

---

[4] *See, e.g.*, *Resch v. Rewerts,* No. 1:20-cv-515, 2020 WL 3396625, at *3 (W.D. Mich. June 19, 2020) (permitting the petitioner to proceed with COVID-19 claims in a habeas action, but noting that, in line with the Sixth Circuit's decision in *Wilson*, petitioner's decision to pursue relief in a habeas corpus action circumscribes the relief available); *Cobb v. Wolcott*, No. 20-cv-496, 2020 WL 2781781, at *4 (W.D.N.Y. May 29, 2020) (finding that the relief sought by petitioner—immediate release—to fall squarely within the traditional scope of habeas corpus) (quoting *Preiser,* 411 U.S. at 487); *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 461 F.Supp.3d 168, 2020 WL 2571170, at *2–3 (E.D. Pa. May 21, 2020) (finding petitioner's COVID-19 claims for which he sought immediate release not cognizable in a § 1983 action and properly brought in habeas corpus).

[5] The Sixth Circuit has held that "regardless of the label on the statutory underpinning for [a] petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254, not § 2241" *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). *See also Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment.") (citing *Walker v. O'Brien*, 216, F.3d 626, 633 (7th Cir. 2000)). However, in the context of a COVID-19 challenge, the Sixth Circuit has recently permitted state prisoners to proceed under § 2241. *See Cameron*, 2020 WL 3867392 at *1.

fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

In this case, it is clear from the face of the petition that petitioner has not presented his constitutional claims to the Ohio courts prior to filing the instant petition. Petitioner claims that he should be excused from the exhaustion requirement[6] and review of the Ohio Supreme Court docket reveals that petitioner has not fairly presented his claims to the Ohio courts.[7] (*See* Doc. 4 at PageID 75–76). Because petitioner has failed to afford the Ohio courts with an opportunity to address his claims prior to filing the instant action, this case should be dismissed without

---

[6] Petitioner contends that pursuing a grievance in the prison system would be futile. (Doc. 1 at PageID 4–5; Doc. 4 at PageID 75–76). However, he has not demonstrated that relief as to his claims is unavailable to him in the Ohio courts. *See Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2085141, at *2 (N.D. Ohio Apr. 30, 2020) (dismissing habeas petition on exhaustion grounds over claims that exhaustion would be futile); *Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court).

[7] It appears that petitioner did file a motion for judicial release in the Richland County, Ohio trial court after filing the instant petition, which was overruled. However, it does not appear that petitioner appealed the denial of his motion to the Ohio Court of Appeals or Ohio Supreme Court. *See O'Sullivan*, 526 U.S. at 842, *Hafley*, 902 F.2d at 483; *Leroy*, 757 F.2d at 97, 99–100.

Petitioner's state cases were viewed at https://richlandcourtsoh.us/eservices (under Case No. 2009 CR 0052), https://cpdocket.cp.cuyahogacounty.us/Search.aspx (under Case No. CR-08-512655-D), https://www.ashlandcountycpcourt.org/eservices (under Case No. 08-CRI-108), and http://www.supremecourt.ohio.gov/Clerk/ecms/#/search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

prejudice for failure to exhaust. *See, e.g., Medina v. Williams*, 823 F. App'x 674, 676–77 (10th Cir. 2020) (noting that the dismissal of a prisoner's COVID-19 claims brought under § 2241 was proper because the petitioner failed to demonstrate that he has exhausted his available state remedies); *Elleby v. Smith*, No. 20-cv-2935, 2020 WL2611921, at *4 (S.D.N.Y. May 22, 2020) (joining federal district courts around the country that have recently dismissed, or held dismissible, COVID-19-related petitions for failure to exhaust state remedies) (collecting cases); *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 461 F.Supp.3d. 168, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing COVID-19 habeas petition for failure to exhaust, finding the "[p]etition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts"); *Griffin v. Cook*, No. 3:20-cv-589, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (dismissing COVID-19 petition for lack of exhaustion); *Resch v. Rewerts*, No. 1:20-cv-515, 2020 WL 3396625, at *4 (W.D. Mich. June 19, 2020) (same).

Because the petition is subject to dismissal on exhaustion grounds, petitioner's motion and amended motion for a temporary restraining order (Doc. 2, 5) should be denied. *See, e.g., Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2–3 (W.D. Mich. Apr. 22, 2020) (finding that "because Petitioner has failed to exhaust available state court remedies, he has no chance of success on the merits of his claim" and "preliminary injunctive relief is inappropriate"); *Harrison v. Wolcott*, No. 20-cv-6270, 2020 WL 3000389, at *4 (W.D.N.Y. June 4, 2020) (finding that petitioner had not demonstrated a likelihood of success on the merits because petitioner's COVID-19 claims were unexhausted).

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion to transfer the petition to the Sixth Circuit (Doc. 10) be **DENIED**; the petition for a writ of habeas corpus be **DISMISSED** without prejudice; and petitioner's motion

and amended motion for a temporary restraining order (Doc. 2, 5) be **DENIED.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GARY WALKER,<br>      Petitioner, | Case No. 1:20-cv-303 |
| v. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, WARREN,<br>CORRECTIONAL INSTITUTION<br>      Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).